IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREA WILLIAMS,

       Petitioner,         ORDER

 v.                  09-cv-204-slc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

       Respondent.

---

  This is an action for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On June 1, 2009, I entered an order directing respondent to file a response to the petition not later than 45 days from the date the petition was served. The order specified that unless respondent filed a dispositive motion, his answer should be accompanied by a brief "containing a substantive legal response to petitioner's claims." Order, June 1, 2009, dkt. #9, at 4-5. The order further provided that petitioner would have 30 days from the service of the answer and responsive brief within which to file a substantive reply.

  After two extensions, respondent filed his answer on August 27, 2009. In the answer, respondent concedes that petitioner has exhausted his state court remedies, but contends that the petition must be denied either because the claims have no merit or because petitioner has not shown that the state court of appeals' decision on his claims was either contrary to or involved an unreasonable application of controlling United States Supreme

Court authority. 28 U.S.C. § 2254(d). Instead of filing a brief in support of these contentions, respondent has asked the court to modify the June 1 order so that petitioner is the party who files the opening brief. As respondent notes, although petitioner did file a rather detailed brief when he filed his petition, the brief does not address 28 U.S.C. § 2254(d)'s limiting standard of review. Under that provision, a federal court cannot grant habeas relief unless the state courts' adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In addition, state court factual findings are presumed to be correct in a federal habeas proceeding, and this presumption can be overcome only with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, to be entitled to federal habeas relief, a state prisoner must show either that 1) the state appellate court contravened a controlling opinion of the United States Supreme Court, 2) the state appellate court applied a controlling opinion of the United States Supreme Court in an unreasonable manner or 3) the state appellate court's decision rested upon an unreasonable determination of the facts. "Unreasonable" means something more than merely incorrect. *Williams v. Taylor*, 529 U.S. 362, 410 (2000). A decision that is at least minimally consistent with the facts and

circumstances of the case is not unreasonable. *Henderson v. Walls*, 296 F.3d 541, 545 (7th Cir. 2002).

I agree that petitioner's brief in support of his petition does not address these criteria and that it would be helpful to both the parties and the court if he petitioner was given the opportunity to do so before respondent files a brief. Accordingly, I will accept respondent's suggestion and modify the briefing schedule to allow petitioner to file a supplemental brief in support of his petition before respondent is ordered to file a responsive brief. Petitioner will be given the opportunity to file a reply.

I note that petitioner has asked the court to reconsider its order denying his request for the appointment of counsel. Petitioner asserts that he needs a lawyer because he has exceeded his legal loan limit at the prison and lacks the funds needed to purchase paper and envelopes. In addition, as a result of his refusal to accept a work assignment in the prison kitchen, he now receives no pay and has limited use of the law library.

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case in relation to the petitioner's ability to litigate his claims himself. *Pruitt v. Mote*, 503

F.3d 647, 655 (7th Cir. 2007). When determining a petitioner's competence to litigate his own case, the court considers the plaintiff's literacy, communication skills, educational level and litigation experience. *Id*.

I remain convinced that petitioner has the ability to litigate his petition on his own. His brief in support of his petition as well as those he submitted in the state court proceedings show that petitioner has a greater than average ability to communicate in writing and is able to conduct legal research and draft well-reasoned arguments in support of his claims. Indeed, the arguments that petitioner will have to make in his supplemental brief in support of his petition are similar to those he made in his petition for review in the Wisconsin Supreme Court. Dkt. #23-2. Further, as to the issues that were raised on direct appeal in the state courts, petitioner has the benefit of the briefs that were prepared by his postconviction lawyer. The facts were developed in the state court proceedings, so no outside investigation is necessary. Finally, the issues raised in the petition are not so complex that denying petitioner's request would result in a miscarriage of justice.

The fact that petitioner is hampered by the practical difficulties of limited funds and library time is not a circumstance that warrants the appointment of counsel. If that were the case, then prisoners would have a disincentive to carefully budget their funds and to avoid behavior that reduced their law library time. Petitioner's adverse circumstances in the prison appear to be of his own making and are not the sort that weigh in favor of appointing counsel.

ORDER

IT IS ORDERED that the briefing schedule set forth in the June 1, 2009 order is STRICKEN. Briefing in this case shall proceed as follows:

1. Petitioner's supplemental brief in support of his petition must be filed no later than October 5, 2009. With respect to the claims that were adjudicated on the merits by the Wisconsin Court of Appeals, petitioner must show either that 1) the state appellate court contravened a controlling opinion of the United States Supreme Court, 2) the state appellate court applied a controlling opinion of the United States Supreme Court in an unreasonable manner or 3) the state appellate court's decision rested upon an unreasonable determination of the facts.

2. Respondent shall file a brief in response no later than November 4, 2009.

3. Petitioner shall file a reply no later than November 24, 2009.

Petitioner's motion for reconsideration of the order denying his request for the appointment of counsel is DENIED.

Entered this 3rd day of September, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge